**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MARVA ENGEL, | No. CV-08-0754-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

Pending before the Court are the Motion for Summary Judgment of Plaintiff Marva Engel (Dkt. # 9) and the Cross-Motion for Summary Judgment of Defendant Michael J. Astrue, Commissioner of Social Security (Dkt. # 11). For the reasons set forth below, the Court denies Plaintiff's motion and grants Defendant's cross-motion.

**BACKGROUND**

On March 31, 2005, Plaintiff applied for disability insurance benefits and supplemental security income, alleging a disability onset date of December 17, 2003. (R. at 71-74, 414-15.) Plaintiff's claim was denied both initially and upon reconsideration. (R. at 64-69, 400-05; R. at 57-60, 408-11.) Plaintiff then appealed to an Administrative Law Judge ("ALJ"). (R. at 53.) The ALJ conducted a hearing on the matter on October 19, 2007. (R. at 420-41.)

In evaluating whether Plaintiff was disabled, the ALJ undertook the five-step sequential evaluation for determining disability.[1] (R. at 12-25.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity. (R. at 17.) At step two, the ALJ determined that Plaintiff suffered from the severe impairments of depression, migraines, and lumbar stenosis. (*Id.*) At step three, the ALJ determined that none of these impairments, either alone or in combination, met or equaled any of the Social Security Administration's listed impairments. (R. at 18.)

At step four, the ALJ made a determination of Plaintiff's residual functional capacity ("RFC"),[2] concluding that Plaintiff could perform light work, with limitations on her ability to perform overhead reaching, balancing, climbing of ladders, ropes, or scaffolds, and that she could understand, remember, and carry out detailed, but not complex instructions, make

---

[1] The five-step sequential evaluation of disability is set out in 20 C.F.R. § 404.1520 (governing disability insurance benefits) and 20 C.F.R. § 416.920 (governing supplemental security income benefits). Under the test:

> A claimant must be found disabled if she proves: (1) that she is not presently engaged in a substantial gainful activity[,] (2) that her disability is severe, and (3) that her impairment meets or equals one of the specific impairments described in the regulations. If the impairment does not meet or equal one of the specific impairments described in the regulations, the claimant can still establish a prima facie case of disability by proving at step four that in addition to the first two requirements, she is not able to perform any work that she has done in the past. Once the claimant establishes a prima facie case, the burden of proof shifts to the agency at step five to demonstrate that the claimant can perform a significant number of other jobs in the national economy. This step-five determination is made on the basis of four factors: the claimant's residual functional capacity, age, work experience and education.

*Hoopai v. Astrue*, 499 F.3d 1071, 1074-75 (9th Cir. 2007) (internal citations and quotations omitted).

[2] RFC is the most a claimant can do despite the limitations caused by his impairments. *See* SSR 96-8p.

- 2 -

1 decisions, attend and concentrate for extended periods, accept instructions, and respond
2 appropriately to changes in a routine work setting. (R. at 20.) The ALJ thus determined that
3 Plaintiff retained the RFC to perform her past relevant work as a casino card dealer and
4 payroll clerk. (R. at 24.) The ALJ did not reach step five. Given this analysis, the ALJ
5 concluded that Plaintiff was not disabled. (R. at 25.)

6 The Appeals Council declined to review the decision. (R. at 4-7.) Plaintiff filed the
7 complaint underlying this action on April 21, 2008, seeking this Court's review of the ALJ's
8 denial of benefits.[3] (Dkt. # 1.) Plaintiff filed her Motion for Summary Judgment on August
9 25, 2008. (Dkt. # 9.) Defendant filed his Cross-Motion for Summary Judgment on
10 September 18, 2008. (Dkt. # 11.)

**DISCUSSION**

**I.   Standard of Review**

A reviewing federal court will only address the issues raised by the claimant in the appeal from the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). A federal court may set aside a denial of disability benefits only if that denial is either unsupported by substantial evidence or based on legal error. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is "more than a scintilla but less than a preponderance." *Id.* (quotation omitted). "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.* (quotation omitted).

However, the ALJ is responsible for resolving conflicts in testimony, determining credibility, and resolving ambiguities. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). "When the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion." *Batson v. Comm'r of Soc. Sec.*

---

[3] Plaintiff was authorized to file this action by 42 U.S.C. § 405(g) (2004) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . .").

*Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004). This is so because "[t]he [ALJ] and not the reviewing court must resolve conflicts in evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) (citations omitted).

**II.     Analysis**

Plaintiff argues that the ALJ erred by: (A) failing to "consider the effects of the headache and arm impairment on the RFC and the ability to work" (Dkt. # 9 Pt. 3 at 3-5), and (B) failing to "consider the demands of past work" (*id.* at 5-7). The Court will address each argument in turn.

**A.     Headache and Arm Impairment**

Plaintiff's first argument is that the ALJ's RFC finding is inconsistent with the evidence in the record regarding Plaintiff's headaches and injury to her upper left arm. (*See id.* at 3-5.) With respect to the headaches, the ALJ acknowledged that Plaintiff "stated [that] she had ongoing migraines" (R. at 23), but rejected the notion that they precluded work, reasoning that the headaches "responded to Midrin in combination with Flexeril" and "[i]n May 2006 [Plaintiff's] medications were changed to Maxalt and she reports this controls her headaches." (R. at 21 (citations omitted).) This finding is supported by substantial evidence in the record, as Plaintiff and her physicians made the observations the ALJ recapitulated. (R. at 136, 303, 274, 276, 278.) This is a legally proper reason for finding the effects of the headaches non-disabling. *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling . . . ."); *see also Odle v. Heckler*, 707 F.2d 439, 440 (9th Cir. 1983) (affirming a denial of benefits because the plaintiff's impairments were controlled by medication). Thus, the ALJ did not err in this regard.

Plaintiff also states that headaches "are an episodic impairment such as seizures or asthma" and "[a]s such, the ALJ should have considered the frequency, duration[,] and intensity of the impairment and how that translates to sustainable work." (Dkt. # 9 Pt. 3 at 3.) Plaintiff supports this assertion only with general citations to the regulations and provides

- 4 -

1  no argument or authority on which the Court could conclude either that Plaintiff's analogy
2  between headaches and seizures is accurate or that it applies to this case. Thus, the argument
3  is waived. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929-30 (9th Cir. 2003)
4  (holding that a party's argument was waived because the party simply made a "bold
5  assertion" of error, and explaining that "we review only issues which are argued *specifically*
6  *and distinctly*") (emphasis added); *Hibbs v. Dep't of Human Res.*, 273 F.3d 844, 873 n.34
7  (9th Cir. 2001) (finding that an assertion of error was "too undeveloped to be capable of
8  assessment" and therefore waived). Regardless, the ALJ did consider Plaintiff's statements
9  about the frequency, duration, and intensity of her headaches – he simply found them not
10 disabling because they were controlled with medication. (*See* R. at 21.) Thus, there was no
11 error in any event.[4]

12       With respect to the injury to Plaintiff's upper left arm, Plaintiff states that the ALJ
13 "failed to do a function by function assessment, as required by the regulations." (Dkt. # 9
14 Pt. 3 at 5.) However, "[p]reparing a function-by-function analysis for medical conditions or
15 impairments that the ALJ found neither credible nor supported by the record is unnecessary."
16 *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *see also* SSR 96-8p. Here, the ALJ
17 concluded that Plaintiff has recovered from the forearm wound, requires no assistive devices
18 due to the past injury, and is not disabled by it. (R. at 21, 24.) The ALJ's conclusion that the
19 alleged impairment was not supported by the record obviated a need for a function-by-
20 function analysis. The Court therefore finds no error.[5]

---

[4] Plaintiff also states that "episodic impairments *usually* require special measures to relieve symptoms," "*sometimes* require extra time to recover from the episode," and "*often* the treatment includes significant pain medication." (Dkt. # 9 Pt. 3 at 3 (emphases added).) The Court need not consider whether these unsupported statements are true, as Plaintiff offers neither evidence nor argument that these assertions apply in this case. *See Indep. Towers*, 350 F.3d at 929-30; *Hibbs*, 273 F.3d at 873 n.34.

[5] Plaintiff also states that the limitation found by the ALJ "does not correlate well with the actual left hand impairment." (Dkt. # 9 Pt. 3 at 4-5.) To the extent Plaintiff intends this statement to be an independent argument, this Court finds no error because there is evidence in the treatment notes to support the ALJ's conclusion that there was no other limitation.

- 5 -

**B.     The Demands of Past Work**

In challenging the ALJ's determination that Plaintiff could perform her past work as a payroll clerk and gambling dealer, Plaintiff argues that "neither of these jobs are consistent with the ALJ's RFC" because "[b]oth require significant social interaction, concentration skills[,] and reaching in all directions."  (Dkt. # 9 Pt. 3 at 6.)  The Court notes that this argument is not properly presented, for Plaintiff offers no citations to the record, legal authority, or argumentation to challenge the ALJ's findings.  On the merits, moreover, the Court has already explained that there is substantial evidence supporting the ALJ's determination of the extent of Plaintiff's left arm impairment, *see supra* n.5, and as to concentration and social interaction, the testifying physician offered the opinion that Plaintiff suffered only moderate limitations in these areas.  (R. at 429.)  Thus, there is substantial evidence to support the ALJ's determination of Plaintiff's RFC on these points.  Based on the ALJ's hypothetical question incorporating that RFC, the vocational expert testified that Plaintiff could perform both of her past jobs. (R. at 438.)  The ALJ therefore had a legitimate basis on which to find that Plaintiff could perform her past work.  Thus, the Court finds no error.

Plaintiff also argues that "had the ALJ properly considered the impairment to the left upper extremity, he would have precluded a significant amount of handling and fingering." (Dkt. # 9 Pt. 3 at 6.)  While the precise contours of Plaintiff's argument are not entirely clear, the Court finds no error in this regard.  First, the Court has already concluded that the ALJ did not err in his consideration of Plaintiff's left upper extremity complaints, and thus Plaintiff's hypothetical argument has no purchase.  Second, neither Plaintiff nor the Court

---

(*See, e.g.*, R. at 132 (prescribing only a stretching program for treatment of "weakness of the left hand and [relevant] muscles"); R. at 140 (documenting normal bilateral grip strength); R. at 216 (stating that Plaintiff suffered only "slightly decreased function" of the left hand).) Because the ALJ's interpretation of the evidence is rational, the Court will not substitute its own judgment for that of the ALJ. *See Batson*, 359 F.3d at 1198; *Andrews*, 53 F.3d at 1039; *Matney*, 981 F.2d at 1019.

can possibly state what the ALJ "would have precluded" under a different finding.  For these reasons, the Court finds no error.[6]

### CONCLUSION

The ALJ made no error of law and there is substantial evidence to support the ALJ's denial of benefits.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt. # 9) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Cross-Motion for Summary Judgment (Dkt. # 11) is **GRANTED**.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to **TERMINATE** this action.

DATED this 19th day of December, 2008.

_____
G. Murray Snow
United States District Judge

---

[6] Plaintiff also states: "It should also be noted that the ALJ failed to inquire whether the vocational expert's testimony was consistent with the [Dictionary of Occupational Titles ("DOT")], as required by SSR 00-4p."  (Dkt. # 9 Pt. 3 at 7.)  Plaintiff's request that this should be "noted" does not appear to be an assertion of error, as it is unattached to any legal argument along those lines, and thus the Court treats any such claim of error as waived.  *See Indep. Towers*, 350 F.3d at 929-30; *Hibbs*, 273 F.3d at 873 n.34.  Regardless, the ALJ found that the vocational expert's testimony was consistent with the DOT (R. at 25), and Plaintiff does not point out, nor is the Court aware of, any way in which the vocational expert's testimony was inconsistent with the DOT.  Thus, any error in this regard would be harmless.  *See Batson*, 359 F.3d at 1197 (explaining that an ALJ's error is harmless if it does not affect his ultimate conclusion).